UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO H.E.,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-07729-TLN-SCR<br><br>A# 222-595-332<br><br>**RELEASE ORDER** |

This matter is before the Court on pro se Petitioner Marco H.E.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondent filed an opposition. (ECF No. 6.) For the reasons set forth below, the Petition is GRANTED and Respondent is ordered to IMMEDIATELY RELEASE Petitioner.

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual Background

This matter arises out of Petitioner's challenge to his civil immigration detention without a hearing. (ECF No. 1.) Petitioner is a noncitizen entered the United States without admission in 2019. (ECF No. 2 at 3; ECF No. 6-1 at 2.) For the last seven years, Petitioner has lived in the United States and worked in construction. (ECF No. 2 at 3.) He also financially supported his family, including his wife and her minor children. (ECF No. 2 at 3.)

In April 2026, Petitioner was arrested during a traffic stop, as a passenger in the vehicle. (*Id.*) On July 31, 2026, U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody. (*Id.*) ICE did not provide any notice or a hearing at the time it detained Petitioner. (*Id.*) "Respondent[] do[es] not dispute that Petitioner is entitled to receive a custody re-determination hearing under [8 U.S.C. §] 1226(a)" and further acknowledges that Petitioner requested a hearing. (ECF No. 6 at 2.) Respondent contends the hearing is "being scheduled" (*id.*) but has not provided any update in over two weeks as to when that hearing will occur. Petitioner has now been detained for over two and a half months without any custody hearing. (ECF No. 1.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

///

## III. ANALYSIS

The Court once again finds due process requires a custody hearing within a reasonable time and manner, and because the government has failed to provide any custody hearing in over 75 days of detention, the government violated Petitioner's statutory and constitutional rights.

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas,* 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. Liberty Interest

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025). Liberty interest may be strengthened over time. *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Petitioner has a clear liberty interest here. He has resided in the United States for over seven years and he has a family here, whom he works to support. Even if he is removable, or his liberty is revocable, his liberty is still protected by due process. *See Hernandez*, 872 F.3d at 993;

*Zadvydas*, 533 U.S. at 693. Having found a liberty interest, the Court next turns to the procedural safeguards that were owed to Petitioner.

B. Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondent's actions detaining him. The time that Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty."). Despite his interest in maintaining his liberty, Petitioner has now been detained for over two months, separated from his family and community, and unable to work. Petitioner also describes suffering from anxiety, insomnia, and depression because of his detention conditions. Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any hearing, either pre- or post-detention. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Respondent does not contend that Petitioner is a danger or a flight risk. (*See* ECF No. 6.) *See Hernandez*, 872 F.3d at 994. Without any showing by Respondent of a legitimate interest in detaining Petitioner or a such a finding by a neutral arbiter, the Court finds there is a serious likelihood Petitioner was

erroneously deprived of his liberty interest.

Moreover, Respondent failed to provide the procedural safeguards statutorily owed to Petitioner under 8 U.S.C. § 1226(a). "ICE, like any agency, 'has the duty to follow its own federal regulations'" and statutes. *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (quoting *Haoud v. Ashcroft*, 350 F.3d 201, 205 (1st Cir. 2003)); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (reversing dismissal of habeas petition where Board of Immigration Appeals failed to follow its own regulations). "Where an immigration 'regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute,' like the opportunity to be heard, 'and [ICE] fails to adhere to it, the challenged [action] is invalid." *Rombot*, 296 F. Supp. 3d at 388 (quoting *Waldron v. I.N.S.*, 17 F.3d 511, 518 (2d Cir. 1993)); *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) ("Because there is no indication that ICE Regulations were followed . . . [petitioner's] re-detainment was unlawful."). Here, Respondent concedes Petitioner is entitled to a custody hearing under § 1226(a), but Respondent has not held or scheduled such a hearing in over 75 days of detention. Additionally, it appears from the record that Petitioner was not provided with an initial custody determination until nearly two months into his detention (ECF No. 6-4), which is itself violates § 1226(a). *See Zurita Navarro* v. *Warden Ctrl. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (enumerating procedural violations of § 1226(a), including "failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention," and collecting cases). Thus, Petitioner has been deprived of the procedural safeguards statutorily required. Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high. *R.D.T.M.*, 2025 WL 2617255, at *4.

Finally, the government's interest in detaining Petitioner without a hearing is nil, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Custody hearings are routine processes for the government — the very process owed to Petitioner under 8 U.S.C. § 1226(a). Any burden associated with the provision of this process is negligible

and does not outweigh Petitioner's liberty interest and the risk of erroneous deprivation. Nor does Respondent claim the government would be unduly burdened.

Under the *Mathews* factors, the Court finds the government was required to provide, at a minimum, the procedural safeguards owed under § 1226(a), including a custody determination and a custody re-determination hearing, within a meaningful time in a meaningful manner. Respondent did not provide Petitioner with such process in over two and a half months of detention. Therefore, Petitioner is detained in violation of the Fifth Amendment.

## IV. CONCLUSION

Accordingly, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. Further, IT IS HEREBY ORDERED:

1. Respondent must IMMEDIATELY RELEASE Petitioner Marco H.E. (A# 222-595-332) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions. Respondent must file a **notice of compliance** with this Order by **October 16, 2026.**

2. Respondent is ENJOINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government demonstrates by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present. Should Petitioner become subject to a final and executable order of removal, the government shall provide Petitioner a minimum of seven days' notice (counting from the date the order becomes final and executable) of any intent to execute the order and detain Petitioner.

3. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is DENIED as moot.

4. The Clerk of Court is directed to serve this Order on **California City Detention**

**Center**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

Date: October 13, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE